Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Lorie Ann Fuller**
**Scott Alan Fuller**

Case No. **23-50357**
CHAPTER 13 PLAN ☑ Modified
Dated: **September 6, 2023**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $__.

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $150.00 | 08/2023 (60 months) | 07/2028 | $9,000.00 |
| | | TOTAL: | $9,000.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4 The debtor will also pay the trustee __**NONE**__.

2.5 The debtor will pay the trustee a total of $ **9,000.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **900.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Border Bank | $1,000.00 | Pro rata | 08/2023 | Pro rata | $1,000.00 | $ | $1,000.00 |
|  |  |  |  |  |  |  | TOTAL | $1,000.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

|  | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  | ☐ |  |  |  |  |  |  |
|  | -NONE- |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ☐ |  |  |  |  |  |  |
|  | -NONE- |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|      | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|------|----------|--------------|---------------------|-----------------|---------------|--------------------|--------------------------------------------------|-----------------|
| 10.1 | Attorney Fees | $3,500.00 | 08/2023 | $116.67 | 30 | $3,500.00 | $ | $3,500.00 |
| 10.2 | Internal Revenue Service | $1.00 | 08/2023 | Pro rata | Pro rata | $1.00 | $ | $1.00 |
| 10.3 | MN Dept of Revenue | $1.00 | 08/2023 | Pro rata | pro rata | $1.00 | $ | $1.00 |
|      |          |              |                     |                 |               |                    | TOTAL | $3,502.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|----------|--------------|----------------------|-----------------|---------------|--------------------|--------------------------------------------------|-----------------|
| -NONE-   |              |                      |                 |               |                    |                                                  |                 |
|          |              |                      |                 |               |                    | TOTAL                                            | $0.00           |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|---------------------------|------------------------|----------------------|-----------------|---------------|------------------|--------------------------------------------------|------------------|
| -NONE-   |                           |                        |                      |                 |               |                  |                                                  |                  |
|          |                           |                        |                      |                 |               |                  | TOTAL                                            | $0.00            |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **3,598.00**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00**  .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **122,242.34**  .

13.3    Total estimated unsecured claims are $ **122,242.34**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|      | Creditor | Description of Property (including complete legal description of real property) |
|------|----------|---------------------------------------------------------------------------------|
| 15.1 | American National Bank | 2022 Ford F350 54,000 miles<br>Value is based on kbb.com private party value. |
| 15.2 | Border Bank | Northern Light Townhomes 409 7th St. International Falls, MN 56649  Koochiching County<br>Flipping Church into Townhomes, currentlly not inhabitable<br>Legally Described as: Lot 8 & 9  Block 80  Of International Falls. Debtors are 2/3 owners wit |

|  | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| 15.3 | Fifth Third Bank | 2022 Forest River Rocckwood Camper |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtors for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.** **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $6,528 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.** **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** **Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.** **All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |
|---|---|
| 16.2 |  |

**SUMMARY OF PAYMENTS:**

| Class of Payment |  | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **900.00** |
| Home mortgages in default [Part 6] | $ | **1,000.00** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **3,502.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **3,598.00** |
| TOTAL (must equal line 2.5) | $ | **9,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Wesley W. Scott**
        **Wesley W. Scott 0264787**
        Attorney for debtor

Signed: **/s/ Lorie Ann Fuller**
        **Lorie Ann Fuller**
        Debtor 1

Signed: **/s/ Scott Alan Fuller**
        **Scott Alan Fuller**
        Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Lorie Ann Fuller
     Scott Alan Fuller                                          Case No. 23-50357

Debtor.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on September 20, 2023 at 9:15 a.m. The hearing will be conducted telephonically. Please dial 1-888-684-8852 to call in for the hearing. When prompted, enter access code: 5988550. When prompted, enter security code: 0428. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 6th day of September, 2023.

                                                                            LIFE BACK LAW FIRM, P.A.

                                                                            /e/  AMANDA M. ROSBACK #0399772
                                                                            Attorney for Debtors
                                                                            13 Seventh Avenue South
                                                                            St. Cloud, Minnesota 56301
                                                                            (320) 252-0330
                                                                            amanda@lifebacklaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Lorie Ann Fuller
Scott Alan Fuller

Case No. 23-50357

Debtors.

**UNSWORN CERTIFICATE OF SERVICE**

    I, Samantha M. Googins, declare under penalty of perjury that on September 6, 2023, I caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: September 6, 2023             /e Samantha M. Googins
                                                                                   Samantha M. Googins
                                                                                LifeBack Law Firm, P.A.

```
Label Matrix for local noticing              (p)BORDER STATE BANK                        Duluth
0864-5                                       PO BOX 280                                  404 Gerald W. Heaney Federal Building
Case 23-50357                                GREENBUSH MN 56726-0280                     and U.S. Courthouse and Customhouse
District of Minnesota                                                                    515 West First Street
Duluth                                                                                   Duluth, MN 55802-1301
Tue Sep  5 08:34:52 CDT 2023

American National Bank                       Border Bank                                 Capital One Menards
Attn: Glenda / American National Bank        Po Box 280                                  PO BOX 7680
8004 S 84th Street                           Greenbush MN 56726-0280                     Carol Stream IL 60116-7680
Lavista, NE 68128-3300


Concorde General Agency                      Discover Bank                               Discover Financial
720 28th St. S.                              Discover Products Inc                       Attn: Bankruptcy
Fargo ND 58103-2362                          PO Box 3025                                 Po Box 3025
                                             New Albany, OH  43054-3025                  New Albany OH 43054-3025


(p)US BANK                                   Fifth Third Bank                            Internal Revenue Service
PO BOX 5229                                  Attn: Bankruptcy                            Centralized Insolvency
CINCINNATI OH 45201-5229                     Maildrop RCS83E 1830 E Paris Ave SE         PO Box 7346
                                             Grand Rapids MI 49546                       Philadelphia PA 19101-7346


MN Dept of Revenue                           Rainy Lake Medical Center                   Sanford Health
Attn: Denise Jones                           1400 Hwy 71                                 1611 Anne St NW
PO Box 64447                                 International Falls MN 56649-2154           Bemidji MN 56601-5114
Saint Paul MN 55164-0447


Sanford Health                               U.S. Bank NA dba Elan Financial Services    U.S. Bankcorp
801 Broadway N Route 1000                    Bankruptcy Department                       Attn: Bankruptcy
PO BOX 2010                                  PO Box 108                                  800 Nicollet Mall
Fargo, ND 58122-1000                         Saint Louis MO 63166-0108                   Minneapolis MN 55402-7000


US Small Business Admin.                     US Trustee                                  Amanda M. Rosback
Attn: Bankruptcy                             1015 US Courthouse                          LifeBack Law Firm, PA
409 3rd St. SW                               300 S 4th St                                13 -7th Avenue South
Washington DC 20416-0005                     Minneapolis, MN 55415-3070                  Saint Cloud, MN 56301-4259


Kyle Carlson                                 Lorie Ann Fuller                            Scott Alan Fuller
 Chapter 13 Trustee                          10180 State Highway 11 SE                   10180 State Highway 11 SE
PO Box 519                                   Baudette, MN 56623-9313                     Baudette, MN 56623-9313
Barnesville, MN 56514-0519


Wesley W. Scott
LifeBack Law Firm, PA
13 Seventh Ave S
St Cloud, MN 56301-4259
```

                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Border State Bank                    Elan Financial Service              End of Label Matrix
PO Box 1089                          PO Box 790408                       Mailable recipients    24
Baudette, MN 56623                   Saint Louis MO 63179-0408           Bypassed recipients     0
                                                                         Total                  24
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re         Case No. **23-50357**
**Lorie Ann Fuller**
**Scott Alan Fuller**
    Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 08/23/2023

X _/s/ Lorie Fuller_
Signature of Debtor1 or Authorized Representative

X _/s/ Scott Fuller_
Signature of Debtor 2

**Lorie Ann Fuller**
Printed Name of Debtor 1 or Authorized Representative

**Scott Alan Fuller**
Printed Name of Debtor 2